UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* STEPHEN J. GRAHAM, | ) ) ) | |
| Plaintiffs, | ) ) | No. 12 C 2146 |
| v. | ) ) | Judge Coleman |
| MOBILE DOCTORS USA, LLC, and MOBILE DOCTORS MANAGEMENT, LLC, | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* BURAK GEZEN, | ) ) ) | |
| Plaintiffs, | ) ) | No. 13 C 1490 |
| v. | ) ) | Judge Coleman |
| LAKE MI MOBILE DOCTORS, P.C., and DIKE AJIRI, | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* CAROLYN TYERS, LISA HIGGINS, SHAPRAY HENDRICKS and LISA VERONA, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 13 C 5784 |
| v. | ) ) | Judge Coleman |
| MOBILE DOCTORS USA, LLC, IN HOME DIAGNOSTICS, LLC, DIKE AJIRI, DAVE EVANS, and TYSON CONTRERAS, | ) ) ) ) | |
| Defendants. | ) | |

**THE UNITED STATES' UNOPPOSED MOTION TO STAY CIVIL
CASES PENDING RESOLUTION OF THE RELATED CRIMINAL CASE**

The United States, by its attorneys Zachary T. Fardon, United States Attorney for the Northern District of Illinois, and Assistant Attorney General Stuart F. Delery, moves to stay these consolidated *qui tam* lawsuits[1] pending resolution of the related criminal proceeding, and in support thereof states as follows:

1. Starting in 2012, a series of three *qui tam* cases were filed in this district alleging that Mobile Doctors USA, LLC ("Mobile Doctors"), its owner and CEO, Dike Ajiri, and associated individuals and entities violated the False Claims Act by, *inter alia*, submitting claims to Medicare for medically unnecessary services and for services far in excess of the care actually provided to Mobile Doctors' patients. The United States launched an extensive investigation into the activities of Mobile Doctors and Ajiri. The three cases remained under seal until June 4, 2014, when they were consolidated by Chief Judge Castillo, unsealed, and shortly thereafter assigned to this court.

2. On August 26, 2013, Dike Ajiri and a Mobile Doctors physician, Banio Koroma, were charged in a criminal complaint with healthcare fraud. On December 12, 2013, a federal grand jury returned a 14-count indictment, charging Ajiri and Koroma with criminal healthcare fraud, charges that mirror the civil healthcare fraud claims in these cases. Ex. A (copy of indictment, *United States v. Ajiri, et al.*, No. 13 CR 68 (N.D. Ill.)). The indictment alleges that Ajiri and Koroma "participated in a scheme to cause Mobile Doctors to bill claims for medically unnecessary services, namely, physician home visits with patients that Ajiri and Koroma knew were not medically necessary and did not involve medical decision-making and examinations of the scope and complexity that Mobile Doctors represented to Medicare." *Id.* at Count 1, ¶ 4.

---

[1] Chief Judge Castillo consolidated the three above-captioned cases on June 4, 2014. *See* Dkt. No. 12 (No. 12 C 2146). Accordingly, the United States is filing this motion to stay in the docket of the first-filed case, *United States ex rel. Graham v. Mobile Doctors USA, LLC et al.*, No. 12 C 2146.

The indictment further alleges that the Ajiri "personally altered Mobile Doctors documents, and instructed Mobile Doctors personnel to do the same, so that certain established-patient visits were billed to Medicare at the highest level . . . knowing that Mobile Doctors physicians' visits with patients typically did not qualify for such billing and knowing that there was nothing that provided medical justification for such billing." *Id.* at ¶ 6. Additionally, the indictment alleges that "in order to increase Mobile Doctors' patient population and thus the number of patient visits that could be billed to Medicare, defendant Ajiri caused Mobile Doctors physicians such as defendant Koroma to certify patients as confined to their homes and requiring home health services, knowing that many such patients were not confined to their homes and did not require home health services and that home health agencies submitted claims to Medicare seeking payment for such services." *Id.* at ¶ 7. The indictment also alleges that Ajiri "caused Mobile Doctors to submit bills to Medicare seeking payment for ultrasound examinations on Mobile Doctors patients, even when AJIRI knew that such tests were not medically necessary." *Id*. at ¶ 10. Accordingly, the indictment contains allegations that overlap completely with the allegations in these consolidated *qui tam* cases, particularly the portions in which the United States has intervened.

3.  The criminal case has been assigned to Judge Tharp. The criminal defendants were arraigned on August 27, 2013, and a trial date has not yet been set

4.  On May 29, 2014, the United States notified the court of its decision to intervene in parts of the *Graham* (No. 12 C 2146), *Gezen* (No. 13 C 1490) and *Tyers* (No. 13 C 5784) actions that allege that Mobile Doctors USA, LLC, Mobile Doctors Management, LLC, Lake MI Mobile Doctors, P.C. (collectively "Mobile Doctors") and Dike Ajiri defrauded Medicare by: (1) submitting and/or causing the submission of false claims to Medicare by upcoding claims for evaluation and management services; (2) falsely certifying beneficiaries as homebound and

eligible for home health services, and (3) submitting and/or causing the submission of claims for medically unnecessary tests.

5. The United States, with the agreement of counsel for relators Graham, Gezen, Tyers, Higgins, Hendricks, and Verona, seeks to stay the consolidated civil lawsuit until the criminal case has been resolved. A stay in this case is warranted given the complete overlap between the issues presented in the civil suit and the criminal proceeding.

6. This court has the inherent power to stay civil proceedings in the interests of justice pending the completion of the criminal proceeding. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). A "court may use its discretion to determine whether to stay civil proceedings when the interests of justice require such action[,]" and as such federal courts have "deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action." *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 938 (N.D. Ill. 2002), *citing United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *Admiral Ins. Co. v. Fed. Sec., Inc.*, No. 94 C 5649, 1997 WL 695727 (N.D. Ill. Nov. 4, 1997) (additional citations omitted).

7. Courts consider a variety of factors when determining whether to issue a stay, including, for example: (1) the posture of the criminal proceeding; (2) whether the civil and criminal matters involve the same subject; (3) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (4) the burden which any particular aspect of the proceedings may impose on the defendant; (5) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (6) the interests of persons not parties to the civil litigation; and (7) the interest of the public in pending civil and criminal litigation. *Benevolence Int'l Found.* 200 F.

Supp. 2d at 938 (citations omitted); *see also United States v. All Meat and Poult. Prods.*, No. 02 C 5145, 2003 WL 22284318, at *2 (N.D. Ill. Oct. 3, 2003); *Cruz v. County of DuPage*, No. 96 C 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997). Courts also consider whether the government is a party in both the civil and criminal case. *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941 (N.D. Ill. 2008), *citing Cruz v. County of DuPage*, No. 96 C 7170, 1997 WL 370104, at *2 (N.D. Ill. June 27, 1997). Each of these factors counsels in favor of staying this civil case until the criminal case resolves.

8. The *first* and *second* factors favor a stay as a grand jury has returned an indictment that contains overlapping allegations against the same parties as the civil suit, and the criminal proceeding remains pending. *See Salcedo v. City of Chicago*, No. 09 C 5354, 2010 WL 2721846 (N.D. Ill. July 8, 2010) (granting a stay of a civil case pending resolution of parallel criminal proceedings, noting that "other cases in this district indicate that once an indictment is handed down, as is the case here, a stay is appropriate.") (*citing Cruz*, 1997 WL 370194, at *3); *see also Bank of Am. v. Veluchamy*, 2010 WL 1693108, at *4 (N.D. Ill. April 26, 2010) ("the strongest case for staying civil proceedings is where the defendant has already been indicted for a serious offense based on the same matter as that in the civil case."); *Hollinger Intern., Inc. v. Hollinger Inc.*, 2008 WL 161683, at *2 (N.D. Ill. Jan 16. 2008) (same) (collecting cases); *see also Dominguez et al., v. The Hartford Fin. Svs. Group, Inc.*, 530 F. Supp. 2d 902, 907 (S.D. Tex. 2008) ("the similarity of issues in the underlying civil and criminal actions is considered the most important threshold in determining whether to grant a stay.").

9. As to the *third* factor, the United States (the real party in interest in the consolidated *qui tam* suits) faces greater prejudice if the case moves forward at this time than it would if the case is stayed until the criminal case resolves. In a civil case, the defendants are entitled to discovery

that they may not be entitled to in the course of a criminal case.  The United States' interests may be implicated if the defendants in a civil case gain access to materials that they may not have access to during the course of their criminal case.  *See Cruz*, 1997 WL 370194 at *2 ("the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.  The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery . . ., expose the basis of the prosecution in advance of criminal trial, or otherwise prejudice the case.") (*citing SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).  Courts have found that a trial court should not permit a defendant in a criminal case "to use liberal civil discovery procedures to gather evidence to which he might not be entitled under the more restrictive criminal rules." *Benevolence Int'l*, 200 F.Supp.2d at 935, *collecting cases citing Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962); *see also United States v. Phillips*, 580 F. Supp. 517, 519-520 (N.D. Ill. 1984).  On the other hand, the United States has no interest in proceeding expeditiously with its civil case while its criminal case remains outstanding.

      10.    *Fourth*, the potential prejudice to the criminal defendants in litigating the civil case at this time far outweighs any potential prejudice that may exist if the case is delayed until the criminal case resolves.  Indeed, the defendants would also benefit if the civil case were stayed.  First, the defendants would not have to spend time and resources simultaneously litigating a civil case and defending themselves in a criminal case.  Second, defendants would be subject to civil discovery that could be broader than otherwise permitted in a criminal case.  *See Chagolla*, 529 F. Supp. 2d at 946.  Third, if the civil case were to proceed with the criminal case pending, the discovery in the civil case could implicate the defendants' Fifth Amendment privilege against

self-incrimination. If civil discovery were to go forward in this case, the defendants would be in a difficult position as they would either engage in discovery that could implicate their constitutional rights or they would invoke their Fifth Amendment privilege against self-incrimination and face adverse inferences drawn against them in their civil case. *See, e.g., Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001) ("the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.") (citation omitted); *Cruz*, 1997 WL 370194 at *2. Accordingly, any prejudice that the defendants face in delaying this civil matter until the criminal case against them is resolved is outweighed by the prejudice that the defendants could face if the civil case goes forward at this time. Accordingly, the third and fourth factors weigh in favor of granting the stay until the criminal case resolves.

11. *Fifth*, judicial economy is served by a stay because there are issues common to both cases, and some of those issues may be resolved during the criminal matter. Under 31 U.S.C. § 3731(e), a final judgment in a related criminal proceeding can estop the defendant from denying the essential elements in a civil FCA action involving the same transaction. *See also In re Grand Jury Proceedings*, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."); *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976) ("it might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case."); *United States v. All Meat and Poultry Prods.*, 2003 WL 22284318, at *5 (N.D. Ill. Oct. 3, 2003) (if the civil proceedings are stayed, "resolution of the criminal matter may eliminate much of the Court's work in the civil action by simplifying the issues."); *Twenty First Cent. Corp. v. Labianca*, 801 F. Supp. 1007, 1011 (E.D.N.Y. 1992) (a stay

"may streamline later discovery since transcripts from the criminal case will be available to the civil parties.").

12. *Sixth* and *seventh,* the interests of third parties, and the public interest in particular, are best served by staying the civil case. Courts have recognized that the public has an interest in law enforcement that is not at play in a private civil case. *Eastland*, 307 F.2d at 487 ("The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement."); *In re Ivan F. Boesky Secs. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the *public interest* in the criminal case is entitled to precedence over the civil litigation[.]") (emphasis in original). The public has an interest in ensuring that the criminal case move forward without interruption from a civil case, particularly where the public's interest in the civil case will be preserved until after resolution of the criminal proceedings.

13. Counsel for the United States has consulted with counsel for the relators and counsel for the defendants against which the United States is proceeding in the claims on which it has elected to intervene. Neither the relators nor the defendants object to this motion.

WHEREFORE, the United States requests that this court stay these consolidated civil cases until after completion of *United States v. Ajiri, et al.*, No. 13 CR 68 (N.D. Ill.).

    Respectfully submitted,

    ZACHARY T. FARDON
    United States Attorney

    By: s/ Eric S. Pruitt
        ERIC S. PRUITT
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5496
        eric.pruitt@usdoj.gov

    STUART F. DELERY
    Assistant Attorney General
    MICHAEL D. GRANSTON
    SARA MCLEAN
    CHARLES J. BIRO
    Commercial Litigation Branch
    Civil Division
    U.S Department of Justice
    Post Office Box 261, Ben Franklin Station
    Washington, D.C. 20044
    (202) 305-2335

    *Attorneys for the United States of America*

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**THE UNITED STATES' UNOPPOSED MOTION TO STAY CIVIL CASES PENDING RESOLUTION OF THE RELATED CRIMINAL CASE**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on June 30, 2014, to the following non-ECF filers:

    Rob Cohen
    The Rob Cohen Law Office, LLC
    444 Skokie Boulevard, Suite 301
    Wilmette, Illinois 60091
    (847) 256-0800

    Counsel for Mobile Doctors USA,
    LlLC, Mobile Doctors Management,
    LLC, Lake MI Mobile Doctors, P.C.,
    and Dike Ajiri.

                        s/ Eric S. Pruitt
                        ERIC S. PRUITT
                        Assistant United States Attorney
                        219 South Dearborn Street
                        Chicago, Illinois 60604
                        (312) 353-5496
                        eric.pruitt@usdoj.gov